Boardman, J.
This action was commenced in a justice’s court, where the defendant succeeded and had judgment against the plaintiff for costs 115.89. The plaintiff claimed to recover $27.50 with interest from September 1st. 1885. The plaintiff appealed to the County Court from the justice’s judgment and paid said $15. 39 costs and $2 for return May 12th, 1886 and after such appeal had been taken, the defendant served upon the plaintiff an offer to allow judgment in the county court in said action in favor of plaintiff and against himself, defendant, for $28.65. This offer was duly accepted by a notice without any date. At the same time notice was given by plaintiff that judgment would be entered on the offer and acceptance and the costs taxed at $17.39, being the amount of costs and fees paid to the justice on taking the appeal. This notice was accompanied by an affidavit showing the facts relating to the justice’s court and judgment and the amount of costs and fees so paid .to the justice. The defendant thereupon obtained on an affidavit, an order to show cause before the county court, why the pretended acceptance of offer of judgment. . should not be set aside, and why the proceedings of plaintiff and appellant should not be stayed, until the cause can be regularly reached and tried in its order on the calendar: or, if the court should deem such acceptance of judgment regular, why appellant should not be compelled to enter judgment against the respondent for the sum of $28.65 and for such other, etc., with costs.”
On the return of such order to show cause the county court ordered the appellant within ten days to enter judgment against the defendant for $28.65, and stayed the plaintiff’s proceedings to tax his costs before the county clerk and gave defendant $10 costs.
We think the practice of the defendant’s attorney was incorrect, so far as he sought to stay the taxing of plaintiff’s costs, and ordered the entry of judgment for the $28.65 only, when the plaintiff should have taxed his costs and included them in the judgment. The defendant could move the county court to strike them out as illegally or improperly inserted under the offer and acceptance. The relief granted was therefore unwarranted and the other reliefs sought by defendant was in effect denied.
But upon the merits of the case we think the plaintiff was entitled to recover the $17.39 which he had to pay to perfect his appeal. By Section 3070, the offer of judgment must be “for a specified sum.” On acceptance, the clerk “ must enter judgment accordingly.” The party refusing to accept “ shall be *132 liable for costs of the appeal, unless the recovery shall be more favorable to him than the sum refused.” The costs and disbursements are a mere incident to the recovery. The -debt or damages are the recovery and not the costs, which are uncertain, indefinite, and growing, as the case goes on. The costs and disbursements have nothing to do with the offer of judgment and ordinarily follow the recovery as an incident thereto. If the plaintiff had not accepted the offer of judgment made by the defendant he would necessarily have failed in obtaining a more favorable recovery, because the offer was for the whole amount of his claim, and so he would have been punished with the costs of the appeal. Can it be supposed that he is to be punished by losing the costs and fees paid the justice because he accepts of the total amount of his claim when offered ? That would be highly unjust and we do not believe it is the meaning or intent of the Code. It would be a reproach to the law to permit such injustice if it can be fairly avoided. Prior to the amendment of 1885, the plaintiff’s position was clearly correct,-and, though the language is altered and less distinct, we do not believe any substantial change in this respect was contemplated.
The order of the county court should be reversed with $10 costs and disbursements of this appeal to plaintiff against the defendant, and the motion of the defendant denied witli $10 costs.
Hardin and Follett, JJ., concur.